IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | |
|---|---|
| LORD JUDAH AL-BARR,<br>Reg. #40258-509,<br><br>Petitioner,<br>v.<br><br>CHAD GARRETT, Warden,<br>FCI Forrest City – Medium,<br><br>Respondent. | *<br>*<br>*<br>*<br>*   No. 2:24-cv-00162-JJV<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER**

**I.   BACKGROUND**

Lord Judah Al-Barr ("Petitioner"), an inmate at the Bureau of Prison's Federal Correctional Institution Forrest City ("FCI Forrest City"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 1.) In the Petition now before the Court, Mr. Al-Barr alleges that the Bureau of Prisons ("BOP") has improperly denied him jail time credit and requests immediate release from custody. (*Id*. at 8, 18.) After careful consideration of Mr. Al-Barr's Petition as well as the Response (Doc. No. 6), I order Mr. Al-Barr's Petition be denied.

**II.   FACTS**

Mr. Al-Barr[1] was arrested by Arkansas authorities on March 11, 2020, after a search of his vehicle revealed a firearm.[2] (Doc. No. 6-1 at 1.) He was charged in the Circuit Court of Craighead County, Western Division, Arkansas with possession of a firearm by certain persons. (*Id*.) Because Mr. Al-Barr was on active parole in two Craighead County Circuit Court cases, an arrest

---

[1] Petitioner was formerly known as Marcus Shivoski Vaughn before legally changing his name to Lord Judah Al-Barr. (Doc. No. 6-1 at 11.)
[2] The docket from Petitioner's case, *State v. Vaughn*, 16JCR-20-421, was viewed in the Arkansas Judiciary's Search ARCourts, which can be accessed at https://arcourts.gov.

warrant was issued for parole violation. (*Id*.) On March 18, 2020, Mr. Al-Barr appeared before the parole board, and his parole was revoked. (*Id*. at 2, 15.) Mr. Al-Barr appeared before the parole board on two occasions following his initial revocation, and both times the initial board decision was deferred pending the outcome of the charges against him. (*Id*. at 14-5, 34.) On April 9, 2020, a petition to revoke suspended imposition of sentence was filed in *State v. Vaughn*, 16JCR-15-1173, which, along with his state charge for possession of a firearm by certain persons, were nolle prossed on May 3, 2021. (*Id*. at 2, 37-8, 45-6.)

On April 7, 2021, Mr. Al-Barr was indicted in the United States District Court for the Eastern District of Arkansas for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[3] While in state custody, Mr. Al-Barr was temporarily transferred to United States Marshal Service ("USMS") custody via writ of habeas corpus *ad prosequendum* on three occasions for proceedings on the federal charge: April 16 to May 28, 2021; May 27 to July 15, 2022; and February 27 to April 21, 2023. (*Id*. at 2.) On April 12, 2023, Mr. Al-Barr pleaded guilty to one count of felon in possession of a firearm, a Class C felony, and was sentenced on April 12, 2023, to forty-six (46) months' imprisonment followed by a two (2) year term of supervised release. (*Id*. at 49-53.) The Court recommended Mr. Al-Barr receive "[c]redit for time served since 6/16/2020." (*Id*. at 49.) The federal judgment was filed as a detainer and Mr. Al-Barr returned to state custody on April 21, 2023. (*Id*. at 2.) He was paroled to exclusive federal custody on May 23, 2023, and the BOP calculated his sentence as beginning on that date. (*Id*. at 2, 75.)

### III. ANALYSIS

Mr. Al-Barr argues that he is entitled to jail time credit against his federal sentence for time spent in state custody and temporary USMS custody between June 16, 2020 – approximately

---

[3] The corresponding case number is 3:21-cr-00014-BSM-1.

ninety (90) days after his parole revocation – and July 19, 2023 – the date he was committed to the BOP. (Doc. No. 1 at 18.) He also requests immediate release from federal custody. (*Id*. at 8.) I agree with Respondent's position that Mr. Al-Barr has not shown that he is entitled to habeas relief.

As an initial matter, Mr. Al-Barr cannot receive credit against his federal sentence from May 23 to July 19, 2023, because he was serving his federal sentence during that time. Pursuant to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Mr. Al-Barr was paroled from state custody and entered exclusive federal custody on May 23, 2023, the same date the BOP designated as the commencement date for Mr. Al-Barr's federal sentence. (Doc. No. 6-1 at 2, 11, 75.) Mr. Al-Barr cannot receive credit against his federal sentence for time spent serving his federal sentence after it commenced.[4]

Mr. Al-Barr is also not entitled to credit against his federal sentence from June 16, 2020, to the date his federal sentence commenced because that time was already credited against his state sentence. In accordance with 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." By enacting this provision, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). *See also United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) (per curiam) (where a defendant receives credit against a state sentence for time spent in state custody, he is not entitled to credit the same time against a federal

---

[4] *See Henderson v. Outlaw*, No. 2:10-cv-00088-JLH-BD, 2010 WL 5574730, *2 (E.D. Ark. Dec. 15, 2010), *report and recommendation adopted*, No. 2:10-cv-00088-JLH-BD, 2011 WL 109551 (E.D. Ark. Jan. 13, 2011) ("It is axiomatic that pre-sentence custody credit is not available for post-sentence, post-commencement time.").

sentence). During the relevant time period, Mr. Al-Barr was serving a state sentence for the violation of his parole. Because he received credit against his state sentence, the time may not be credited against his federal sentence too. It is understandable that Mr. Al-Barr seeks to have credit applied against his federal sentence in the manner recommended by the sentencing judge, however the recommendation was not authorized, therefore application of the credit against his federal sentence is not allowed. *See* BOP Program Statement 5880.28, Chapter 1 at Page 27 ("Should the Judgment and Commitment order make a recommendation that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage, and the credit will not be allowed.").

While Mr. Al-Barr was in temporary USMS custody on three separate occasions for proceedings on his federal charge, he remained under Arkansas's primary jurisdiction during that time:

> Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction. *See United States v. Hayes*, 535 F.3d 907, 909-10 (8th Cir. 2008); *see also* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006) (sentence begins when received into custody for purpose of serving sentence, not when received into custody at an earlier time on a writ for the purpose of adjudicating federal claims).

*Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013). The first sovereign to take physical custody of a defendant retains primary jurisdiction until releasing that jurisdiction. *Id.* (*citing United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person.")).

Arkansas was the first sovereign to take physical custody of Mr. Al-Barr in March 2020 when he was arrested for possessing a firearm and when his parole was revoked. *Id*. at 481-82. When the United States obtained physical custody of Mr. Al-Barr on three separate occasions pursuant to writs of habeas corpus *ad prosequendum*, "the transfer of physical control over [Mr. Al-Barr's] custody from [Arkansas] to the United States did not terminate [Arkansas's] primary jurisdiction." *Id*. at 482. Rather, Mr. Al-Barr remained subject to Arkansas's primary jurisdiction and was "merely and temporarily 'on loan' to the United States." *Id*.

Lastly, Mr. Al-Barr argues that he is entitled to credit against his federal sentence under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and its progeny. (Doc. No. 1 at 14-18.) However, the "*Willis* credits" exception is not applicable in Mr. Al-Barr's case:

> "*Willis* credits" [are an] exception to the double counting bar in § 3585(b), named for the Fifth Circuit's decision in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). The Eight Circuit recognized the theory of *Willis* credits in *United States v. Haney*, 711 F.2d 113, 114-15 (8th Cir. 1983). *Willis* credits only apply "[w]here a prisoner is subject to a federal sentence and a state sentence that run concurrently, and the federal sentence will run longer than the state sentence." *Everett v. Ives*, 2012 WL 2179097 (S.D. Ky. 2012). In those narrow circumstances, the BOP will credit the prisoner's federal sentence for "time spent in non-federal presentence custody during which the inmate is denied bail because of a federal detainer." *See Davis v. Schultz*, 2010 WL 5392649, *3 (D. N.J. 2010).

*Ginn v. Rivera*, No. 2:15-cv-00026-JTR, 2016 WL 8856931, *6 n.11 (E.D. Ark. Mar. 11, 2016), *aff'd*, 672 F. App'x 618 (8th Cir. 2017). The narrow circumstances necessary for application of *Willis* credits are not present in Mr. Al-Barr's case. As Respondent correctly states, Mr. Al-Barr's "federal and state sentences are not concurrent." (Doc. No. 6 at 4.) Therefore, Mr. Al-Barr is not entitled to *Willis* credits.

Because Mr. Al-Barr remained under Arkansas's primary jurisdiction during the relevant time period and received credit against his Arkansas sentence, the BOP correctly denied him credit for this period.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Al-Barr's Petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED and that this case be DISMISSED.

SO ORDERED this 13th day of November 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE